1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10
| XIFIN, INC., | Case No. 17-cv-00617 DMS (JLB) |

11                              **ORDER GRANTING MOTION**
              Plaintiff,        **FOR DEFAULT JUDGMENT**
12
          v.
13
    NATIONAL REFERENCE
14  LABORATORY FOR BREAST
    HEALTH, INC.,
15
              Defendants.
16

17

18          Pending before the Court is Plaintiff XIFIN, Inc.'s motion for default

19  judgment. Defendant National Reference Laboratory for Breast Health, Inc. did not

20  file an opposition to the motion. For the following reasons, the Court grants the

21  motion.

22                                   **I.**

23                            **BACKGROUND**

24          Plaintiff is a healthcare information technology company incorporated in

25  California that provides its clients with cloud-based billing services and outsourced

26  accounts receivable management services. (Compl. ¶¶ 5, 7). Defendant is a

27  healthcare diagnosis service provider incorporated in Delaware with its principal

28  place of business in Washington. (*Id*. ¶¶ 6, 8.)

On June 9, 2011, Plaintiff entered into a service contract ("Contract") with Atossa Genetics, Inc. ("Atossa"), Defendant's parent company. (Compl. ¶ 9.) On December 18, 2015, Atossa assigned the Contract to Defendant. (*Id.*) Pursuant to the Contract, Plaintiff implemented a revenue performance management system for Defendant and provided Defendant with outsourced accounts receivable management services. (*Id.* ¶ 14.) Beginning in January 2016, Defendant became delinquent in paying service fees due under the Contract. (Declaration of Tammy Lawrence ("Lawrence Decl.") ¶ 13.) Plaintiff informed Defendant's CEO, Kirk St. Johns, on several occasions regarding its delinquent account. (*Id.*) Defendant, however, failed to pay the amounts due, and on September 26, 2016, Plaintiff provided notice of Defendant's material breach of the Contract.[1] (*Id.* ¶ 14.) Nevertheless, Plaintiff continued to provide services to Defendant until January 2017, when Plaintiff terminated the Contract due to Defendant's failure to pay amounts due under the Contract.[2] (Compl. ¶ 18.)

On March 28, 2017, Plaintiff filed a Complaint against Defendant for breach of contract. On April 14, 2017, Plaintiff filed a proof of service, showing that it properly served Defendant.[3] When Defendant failed to respond to the Complaint, Plaintiff filed a request for an entry of default, which the Clerk of Court granted on June 27, 2017. Subsequently, on July 27, 2017, Plaintiff moved for default judgment against Defendant.

---

[1] In October 2016, Defendant proposed a payment plan for the amounts then outstanding. Defendant, however, never followed through on its proposal nor did it pay the amounts due. (Lawrence Decl. ¶ 15.)

[2] Prior to terminating the Contract, Plaintiff notified Defendant in writing on September 26, 2016 that Defendant was delinquent with respect to payments owed under the Contract. (Compl. ¶ 18.)

[3] On June 20, 2017, prior to requesting an entry of default, Plaintiff informed Defendant by e-mail and letter that it would request an entry of default if Defendant did not respond to the Complaint. (Declaration of John D. Hershberger ("Hershberger Decl.") ¶ 5, Exs. 2–3.)

## II.

## DISCUSSION

### A. Jurisdiction

"To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court has subject natter jurisdiction under 28 U.S.C. § 1332, which gives federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States and in which citizens or subjects of a foreign state are additional parties." There is complete diversity between the parties as Plaintiff is a California corporation with its principle place of business in California, and Defendant is a Delaware corporation with its principle place of business in Washington. With Plaintiff claiming $258,701.19 in monetary damages, the amount in controversy requirement is satisfied.

Moreover, the Court has personal jurisdiction over Defendant because Defendant consented to this Court's jurisdiction through a forum selection clause in § 10.5 of the Contract, and this forum selection clause is prima facie valid. *SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) (accepting a forum selection clause evidences consent to personal jurisdiction in that forum); *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972) (forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"). Although Defendant has not appeared in this matter, the clause appears reasonable and enforceable, such that the Court may exercise personal jurisdiction over Defendant. *See Calix, Inc. v. Alfa Consult, S.A.*, No. 15-CV-00981-JCS, 2015 WL 3902918, at *3 (N.D. Cal. June 24, 2015) (finding personal jurisdiction based on consent to forum selection clause even where defendant failed to appear).

**B. Default Judgment**

A court may grant a default judgment upon application of a party. Fed. R. Civ. P. 55(b)(2). Granting or denying a default judgment under Rule 55(b) is within the court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In making this determination, a court considers the following factors, commonly referred to as the *Eitel* factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.* at 1471–72. When weighing these factors, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also* Fed. R. Civ. P. 8(b)(6).

*1. Possibility of Prejudice to Plaintiff*

The first factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff claims Defendant used Plaintiff's services yet failed to pay amounts due under the Contract. Because a denial of default judgment would leave Plaintiff without recourse for recovery, the Court finds the first *Eitel* factor favors granting default judgment.

*2. Substantive Merits and Sufficiency of the Complaint*

The second and third *Eitel* factors are the merits of a plaintiff's substantive claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471–72. The Ninth Circuit has suggested these two factors require a plaintiff to "'state a claim on which the [plaintiff] may recover.'" *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). Here, Plaintiff asserts one claim for breach of

contract. Accepting the factual allegations as true, as the Court must in deciding the present motion, the Court finds that Plaintiff sufficiently pleaded all the requisite elements of a breach of contract claim. Plaintiff alleges the existence of the Contract, Plaintiff's performance, Defendant's breach, and resulting damages. *See Reichert v. General Ins. Co. of America,* 68 Cal. 2d 822, 830 (1968). Therefore, these two factors favor entry of default judgment.

### 3. Sum of Money at Stake

The fourth *Eitel* factor considers the sum of money at stake. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct. *Truong Giang Corp. v. Twinstar Tea Corp*., No. C 06–03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007) (citation omitted). Nevertheless, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Bd. of Trustees v. Core Concrete Const., Inc*., No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012). Plaintiff seeks damages in the amount of $258,701.19, consisting of service fees of $136,646.24, associated finance charges of $12,054.95, and accelerated minimum service fees of $110,000. The amount requested is supported by the evidence and reasonably proportionate to the harm caused by Defendant's purported breach of the Contract. This factor thus weighs in favors of granting default judgment.

### 4. Possibility of Dispute

The fifth *Eitel* factor considers the possibility that material facts are disputed. Because Defendant has refused to participate in this lawsuit, no possibility of dispute concerning material facts has been presented. In any event, the Court takes all factual allegations in the Complaint as true in light of the entry of default. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Therefore, this factor also favors entry of default judgment.

///

### 5. *Possibility of Excusable Neglect*

The sixth *Eitel* factor considers whether a defendant's default may have resulted from excusable neglect. Here, Defendant has been on notice of its material breach since September 26, 2016. (Lawrence Decl. ¶ 14.) Thereafter, Defendant was properly served on April 7, 2017. Despite awareness of the lawsuit, Defendant has not appeared in this matter, and nothing in the record suggests failure to appear is based on excusable neglect. Therefore, this factor weighs in favor of default judgment.

### 6. *Policy Favoring Decision on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere enactment of Rule 55(b) indicates, however, that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (quoting *Kloepping*, 1996 WL 75314, at *3) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible."). Considering Defendant's failure to participate in the proceedings, this factor does not preclude default judgment.

After weighing the *Eitel* factors, the Court finds that default judgment is appropriate. Accordingly, Plaintiff's motion for default judgment is granted.

## C. Damage

Under Rule 8(a)(3), a plaintiff's demand for relief must be specific, and he "must 'prove up' the amount of damages." *Philip Morris USA Inc. v. Banh*, No. CV 03–4043 GAF (PJWx), 2005 WL 5758392, at *6 (C.D. Cal. Jan. 14, 2005); *Elektra Entmn't Grp., Inc. v. Bryant*, No. CV 03–6371 GAF(JTLX), 2004 WL 783123, at *5 (C.D. Cal. Feb. 13, 2004) ("Plaintiffs must 'prove up' the amount of damages that they are claiming.").

Plaintiff seeks an award of monetary damages in the amount of $258,701.19, consisting of (1) service fees in the amount of $ 136,646.24, which is calculated based on § 3.1 and Schedule 1 of the Contract; (2) the finance charges in the amount

of $12,054.95 pursuant to § 3.4 of the Contract; and (3) acceleration of minimum service fees in the amount of $110,000 according to § 9.4.2 of the Contract. In support of its request, Plaintiff has submitted the Contract, the Declaration of Plaintiff's Associate Vice President of Financial Operations, and copies of invoices reflecting the outstanding balance. Based on the evidence presented, the Court concludes the Plaintiff has sufficiently demonstrated that it is entitled to the requested damages.

## III.

## CONCLUSION

For these reasons, the Court grants Plaintiff's motion for default judgment and orders the Clerk of Court to enter judgment in favor of Plaintiff in the amount of $258,701.19 in damages.[4]

**IT IS SO ORDERED.**

Dated: September 11, 2017

Hon. Dana M. Sabraw
United States District Judge

_____

[4] The Court also grants Plaintiff's Motion to File Documents Under Seal. The Court finds that the Contract and its Amendment contain commercially sensitive business information, which could expose Plaintiff to a competitive disadvantage if revealed. *See In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (finding a compelling reason to exist where disclosure would reveal "sources of business information that might harm a litigant's competitive standing.").

17-cv-00617 DMS (JLB)